IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KELVIN BROWN, | § | |
| *Plaintiff,* | § § § | 5:24-CV-00514-XR-RBF |
| vs. | § § | |
| TEXAS ATTORNEY GENERAL, AGENT ROBERT M. BUENO, TEXAS ATTORNEY GENERAL'S OFFICE; AND AGENT DANIELLE GRANT, TEXAS ATTORNEY GENERAL'S OFFICE; | § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Plaintiff Kelvin Brown's response and supporting exhibits filed in response to the Court's order directing him to file a more definite statement. *See* Dkt. Nos. 3, 7, & 8. This case was automatically referred for disposition, pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed *in Forma Pauperis* for the San Antonio Division of the Western District of Texas. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, this case should be dismissed.

**Factual and Procedural Background**

Plaintiff Brown filed this lawsuit on May 17, 2024, along with his motion to proceed *in forma pauperis*. Dkt. No. 1. On June 4, 2024, the Court granted Brown IFP status but ordered him to file a more definite statement showing federal jurisdiction over his claims. Dkt. No. 3. On

July 8, 2024, Brown responded, submitting both an amended complaint and supporting exhibits. Dkt. Nos. 7 & 8.

## Analysis

Brown's amended complaint, Dkt. Nos. 7 & 8, fails to demonstrate that this Court has jurisdiction over his claims. Accordingly, this case should be dismissed.

Brown's original complaint appeared to attempt allegations in support of federal jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). However, Brown's complaint alleged no violation of a specific federal law or constitutional provision.

The basis for Brown's suit, both in the original and amended complaint, is apparently the Texas Attorney General's Office's denial of Brown's claim under a Texas law providing compensation for victims of crimes. *See* Dkt. No. 1-1 at 4-14; Dkt. No. 7 at 3-6. In its order requiring a more definite statement, the Court noted that it would lack jurisdiction over such a claim and reminded Brown that federal courts are courts of limited jurisdiction. Dkt. No. 3.

In his response to the Court's order to file a more definite statement, Brown refers to two federal statutes: The Victims' Rights and Restitution Act and the Crime Victims' Rights Act. *See* 34 U.S.C. § 20141 and 18 U.S.C. § 3771; *see also* Dkt. No. 7. Brown further alleges that Defendant violated the Crime Victims' Rights Act. Dkt. No. 7. The problem for Brown's federal lawsuit, however, is that each federal statute cited expressly states that it does not provide a cause of action. 34 U.S.C. § 20141(d); 18 U.S.C. § 3771(d)(6). Brown has not alleged violations of any other federal law or otherwise made any showing that this Court has jurisdiction over his claims. *See* Dkt. Nos. 1 & 7. Brown's exhibits attached to his response provide additional context about the alleged accident and crime, but do not further explain the basis for federal

jurisdiction. Dkt. No. 8. Therefore, this Court concludes it lacks jurisdiction over Brown's state law claims.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that this case be dismissed. Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely

file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 8th day of August, 2024.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE