## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KELVIN BROWN, | § | |
| *Plaintiff* | § | |
| | § | SA-24-CV-00514-XR |
| -vs- | § | |
| | § | |
| TEXAS ATTORNEY GENERAL, | § | |
| AGENT ROBERT M. BUENO, TEXAS | § | |
| ATTORNEY GENERAL'S OFFICE; AND | § | |
| AGENT DANIELLE GRANT, TEXAS | § | |
| ATTORNEY GENERAL'S OFFICE; | § | |
| *Defendants* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's

Report and Recommendation in the above-numbered and styled case, filed on September 17, 2024,

recommending that Plaintiff's claims be dismissed for lack of subject matter jurisdiction (ECF No.

9) and Plaintiff's objections thereto (ECF No. 7). The Court **ADOPTS** the Magistrate Judge's

recommendation (ECF No. 13), and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff Kelvin Brown filed this lawsuit on May 17, 2024, seeking to proceed *in forma*

*pauperis*. ECF No. 1. In his proposed complaint, Brown sought to challenge the Texas Attorney

General's Office's denial of his claim under a Texas law providing compensation for victims of

crimes. *See* ECF No. 1-1 at 4–14. Although he invoked this Court's federal question jurisdiction

under 28 U.S.C. § 1331, Plaintiff failed to allege a violation of a specific federal law or

constitutional provision.

On June 4, 2024, Magistrate Judge Richard B. Farrer granted Brown's IFP motion but

ordered him to file a more definite statement showing federal jurisdiction over his claims. ECF

No. 3. On July 8, 2024, Brown responded, submitting both an amended complaint and supporting exhibits providing additional context about the alleged accident and crime. ECF Nos. 7, 8.

In his response, Brown alleges that Defendants violated two federal statutes: The Victims' Rights and Restitution Act, 34 U.S.C. § 20141, and the Crime Victims' Rights Act, 18 U.S.C. § 3771. *See also* ECF No. 7 at 2. On August 8, 2024, Magistrate Judge Farrer issued a report and recommendation ("R&R") recommending that this action be dismissed for lack of subject matter jurisdiction because each of the federal statutes cited in Plaintiff's response expressly states that it does not provide a cause of action. ECF No. 9 at 2–3 (citing 34 U.S.C. § 20141(d) and 18 U.S.C. § 3771(d)(6)).

Due to an error in Plaintiff's address, he did not receive a copy of the R&R until he picked one up in-person at the Courthouse on September 3, 2024. On September 20, 2024, Plaintiff filed a "Definite Statement Response," which the Court construes as objections to the R&R. *See* ECF No. 13.

## DISCUSSION

### I.    Legal Standard

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically and timely objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## II.    Analysis

The Court has reviewed the R&R and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

"A federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). The Supreme Court has not "treated 'federal issue' as a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Although Plaintiff's objections are untimely, the Court briefly addresses them here in light of his *pro se* status. In response to the R&R, Plaintiff reiterates his purported claims under the Victims' Rights and Restitution Act and Crime Victims' Rights Act, which, again do not create a private right of action. *See* 34 U.S.C. § 20141(d); 18 U.S.C. § 3771(d)(6)

Plaintiff also cites 18 U.S.C. § 3231, which gives district courts original jurisdiction to hear all offenses against the laws of the United States. But this is not a criminal action initiated by a United States Attorney; it is a civil action initiated by a private citizen. Federal criminal statutes

do not automatically create a private right of action. Rather, there must be "a statutory basis inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975); *see also Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another).

Plaintiff has not alleged violations of any other federal law or otherwise made any showing that this Court has jurisdiction over his claims. Accordingly, he has failed to cure the jurisdictional deficiencies identified in the Magistrate Judge's show cause order or R&R recommending dismissal.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's recommendation (ECF No. 9), and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. A final judgment pursuant to Rule 58 will follow.

The Clerk is **DIRECTED** to mail a copy of this Order and the Final Judgment to Kelvin Brown at 6010 Ray Ellison Blvd., Apt. 8103, San Antonio, TX 78242.

It is so **ORDERED**.

**SIGNED** this 4th day of November, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE